UNITED STATED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
TAWANA SHELETTE COOPER,          :
      Petitioner,                :
                                 :                PRISONER
      v.                         :      Case No.  3:06CV103(AWT)
                                 :
F.C.I. DANBURY,                  :
      Respondent.                :
```

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Tawana Shelette Cooper ("Cooper"), is currently confined at the Federal Correctional Institution in Danbury, Connecticut.  She brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  The court concludes that it lacks jurisdiction under section 2241 to entertain Cooper's claims.

### Procedural Background

Cooper was convicted, after a jury trial in the United States District Court for the Southern District of Texas, of bank robbery and sentenced to a term of imprisonment of 108 months. See Pet. Ex. A.  Her conviction was affirmed on direct appeal. See Pet. Ex. C.  Cooper's motion filed pursuant to 28 U.S.C. § 2255, was denied by order dated June 13, 2002.  See Pet. Ex. F.

By undated petition which was received by the court on January 20, 2006, Cooper commenced this action pursuant to 28

1

U.S.C. § 2241.  She renews the challenge to her sentence, first
presented on direct appeal, in light of the Supreme Court's
decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Discussion

As an initial matter, the court must determine whether it
has jurisdiction to entertain Cooper's claim in a petition filed
pursuant to 28 U.S.C. § 2241.

Since the enactment of the Judiciary Act of 1789, the
federal court in the district in which a prisoner is incarcerated
has been authorized to issue a writ of habeas corpus if the
prisoner was in custody under the authority of the United States.
<u>See</u> <u>Triestman v. United States</u>, 124 F.3d 361, 373 (2d Cir. 1997).
Today, this authority is codified at 28 U.S.C. § 2241(c)(3).  In
1948, however, Congress enacted 28 U.S.C. § 2255.  This statute
"channels collateral attacks by federal prisoners to the
sentencing court (rather than to the court in the district of
confinement) so that they can be addressed more efficiently."
<u>Id.</u>

Currently, "[a] motion pursuant to [section] 2241 generally
challenges the *execution* of a federal prisoner's sentence,
including such matters as the administration of parole,
computation of a prisoner's sentence by prison officials, prison
disciplinary actions, prison transfers, type of detention and
prison conditions."  <u>Jiminian v. Nash</u>, 245 F.3d 144, 146 (2d Cir.

2

2001) (citing <u>Chambers v. United States</u>, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).  A section 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." <u>Id.</u> at 146-47.  Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241.  <u>See</u> <u>Triestman</u>, 124 F.3d at 373.

In her section 2241 petition, Cooper challenges the length of her sentence, a claim properly raised in a section 2255 motion, and, hence, with the sentencing court in Texas.  Section 2255 contains a "savings clause exception." <u>Cephas v. Nash</u>, 328 F.3d 98, 105 (2d Cir. 2003).  This exception "permits the filing of a [section] 2241 petition when [section] 2255 provides *an inadequate or ineffective remedy* to test the legality of a federal prisoner's detention." <u>Jiminian</u>, 245 F.3d at 147 (emphasis added).

The savings clause exception permitting an inmate to file a section 2241 petition is not available, i.e., a motion pursuant to section 2255 is not inadequate or ineffective, simply because a prisoner is procedurally barred from filing a section 2255 motion.  The failure to allow collateral review also must raise

serious constitutional questions.

Most courts have narrowly construed the exception.  <u>See</u>
<u>Cephas v. Nash</u>, 328 F.3d at 104.  The Second Circuit has
recognized the exception in only one circumstance:  "cases
involving prisoners who (1) can prove 'actual innocence on the
existing record," and (2) "could not have effectively raised
[their] claim[s] of innocence at an earlier time."  <u>Id.</u> (citing
<u>Triestman</u>, 124 F.2d at 363).  The Fifth Circuit has held

> that the savings clause of [section] 2255
> applies to a claim (i) that is based on a
> retroactively applicable Supreme Court
> decision which establishes that the petitioner
> may have been convicted of a nonexistent
> offense and (ii) that was foreclosed by
> circuit law at the time when the claim should
> have been raised in the petitioner's trial,
> appeal or first [section] 2255 motion.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir.
2001).

Against this backdrop, the court considers Cooper's grounds
for relief to determine whether section 2255 is inadequate or
ineffective to address her claims, and consequently, whether the
District of Connecticut has jurisdiction to entertain  her
section 2241 petition.

Cooper states that she already has filed a direct appeal and
one section 2255 motion.  She raised the claim she asserts in
this petition on direct appeal.  In addition, she states that her
argument is strengthened by the recent Supreme Court decision,

<u>United States v. Booker</u>, 543 U.S. 220 (2005).

The fact that section 2255 relief previously was denied does not render relief pursuant to section 2255 inadequate or ineffective.  Section 2255 provides that a second or successive motion may be filed under certain circumstances.  Cooper does not indicate that she has sought certification from the Court of Appeals to file a second motion.

Further, even if the court were to find that section 2255 relief was "unavailable," Cooper's inability to raise this revised claim would not warrant application of the savings clause exception.  The Second Circuit has indicated that the section 2255 savings clause exception will apply in "relatively few" cases "in those extraordinary instances where justice demands it."  <u>Triestman</u>, 124 F.3d at 378.  In <u>Triestman</u>, the Second Circuit determined that section 2241 relief was available because Triestman was claiming actual innocence.  The Eleventh Circuit also requires a claim of actual innocence as a prerequisite to invoking the savings clause exception.  <u>See</u> <u>Wofford</u>, 177 F.3d at 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense;  and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in

the petitioner's trial, appeal, or first § 2255 motion.").

In her petition, Cooper does not deny committing the crime of which she was convicted.  Instead, she challenges the enhancement of her sentence.  Even if the court were to determine that section 2255 was "unavailable," Cooper would not satisfy the Triestman standard.  Although Cooper couches her argument in the "actual innocence" language set forth in Cephas  and Triestman, the argument is directed to the effect of the sentence imposed, not to the conviction.  The court concludes that Cooper's claim does not involve "constitutional errors" that must be heard under section 2241 and that she has not met the requirements for invoking this court's jurisdiction to hear her claims pursuant to 28 U.S.C. § 2241.  Thus, the District of Connecticut lacks jurisdiction to entertain Cooper's section 2241 petition.

The Second Circuit has held that, where a petitioner already has filed a section 2255 motion, the district court may construe a petition filed pursuant to section 2241 as a second section 2255 motion and transfer the motion to the Court of Appeals to enable that court to determine whether certification to file a second petition should be granted.  See Jiminian, 245 F.3d at 148-49.  Because Cooper was convicted in Texas, any transfer to the Court of Appeals for the Second Circuit would be futile.  Nor will the court transfer this case to the Southern District of Texas, because Booker is not retroactive to cases on collateral

review.  See United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to initial habeas petitions.").  In addition, the holding in Booker is not grounds to file a second section 2255 motion.  See Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Pursuant to the Supreme Court's holding in [Tyler v. Cain, 533 U.S. 656 (2001)] we must conclude that under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, Booker may not be applied retroactively to second or successive habeas petitions.").

Conclusion

The court concludes that it lacks jurisdiction to consider this petition pursuant to 28 U.S.C. § 2241.  Accordingly, the petition [**doc. #1**] is hereby **DISMISSED** without prejudice.

It is so ordered.

Dated this 1st day of March 2006, at Hartford, Connecticut.


_____/s/_____
Alvin W. Thompson
United States District Judge

7